UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KERRY GILBERT, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Callaway County Circuit Court |
| ) | No.: 21CW-CV00191 |
| ESTES EXPRESS LINES, INC. and ) | |
| RANDALL ROSS, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

### DEFENDANT ESTES EXPRESS LINES, INC.'S NOTICE OF REMOVAL

Defendant Estes Express Lines, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice for the Removal of the above-entitled action to the United States District Court for the Western District of Missouri, Central Division, and in support thereof states as follows:

**A.  Venue is proper in the United States District Court for the Western District of Missouri, Central Division**

1. The above-entitled action was filed by Plaintiff in Callaway County, Missouri as Cause No. 21CW-CV00191 on February 24, 2021.

2. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Western District of Missouri, Central Division, because Callaway County, Missouri is within the Western District of Missouri, Central Division.

**B.  The Procedural Requirements for Removal are Satisfied**

3. The Complaint, which is attached hereto as part of Exhibit 1, was served by consent upon Defendant Estes Express Lines on March 1, 2021 and, therefore, the time for filing this Notice of Removal under 28 U.S.C. § 1446 has not yet expired.

4. Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Callaway County Clerk of Court pursuant to 28 U.S.C. §1446(d).

5. Copies of all known process and pleadings served upon Defendant are filed contemporaneously with this Notice of Removal in accordance with 28 U.S.C. §1446(a). *See* **Exhibit 1**.

### C. There is Diversity Among The Parties

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because there is complete diversity of citizenship between all parties.

7. Plaintiff Kerry Gilbert is a citizen of Arkansas.

8. Defendant Estes Express Lines, Inc. is a Virginia corporation, with its principal place of business located in Richmond, Virginia, both at the time of the commencement of this action and at the time of this removal.

9. Upon information and belief, Defendant Randall Ross was at the time of the commencement of this action, and has been ever since, a citizen and resident of Illinois.

### D. Consent of Served Defendants

10. Defendant has no knowledge or notice that Defendant Randall Ross has been served with process in this case at the time of this Notice of Removal. *See* Callaway County Docket Sheet, attached hereto as **Exhibit 2**.

11. 28 U.S.C. §1146(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly **joined and served** must join in or consent to the removal of the action." (emphasis added).

12. Because Defendant has no knowledge or information that Defendant Randall Ross has been served with process in this case, Defendant Randall Ross need not consent to this removal at this time.

### E. The Amount in Controversy Exceeds $75,000

13. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

14. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

15. Under Missouri Supreme Court Rule 55.05, a plaintiff alleging a tort claim is not permitted to plead a specific dollar amount, except to determine jurisdiction. *Carlyon v. Counts*, 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016).

16. "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

17. Here, Plaintiff alleges that he:

- Has endured and will continue to endure significant pain and suffering;
- Has become disabled;
- Has suffered and will continue to suffer damages including, but not limited to:

a) Past medical and hospital expenses;
b) Future medical, hospital and life care expenses;
c) Past lost wages;
d) Diminished earning capacity;
e) Loss of employment;
f) Loss of ability to obtain employment;
g) Past and future emotional distress;
h) Mental anguish;
i) Disfigurement;
j) Past and future pain and suffering; and
k) Past and future loss of enjoyment of life.

(*See* **Exhibit 1**). Plaintiff further alleges that his injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

18. In light of these allegations, a good faith estimate of the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not legally certain that the amount in controversy is less than $75,000.

19. Further, "[w]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirements [28 U.S.C. §1367] does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in [28 U.S.C. §1332(a)]." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005).

WHEREFORE, Defendant Estes Express Lines, Inc. removes this case to the United States District Court for the Western District of Missouri and hereby requests that the filing of this Notice of Removal shall effect the removal of said civil action to this Court.

4

<pre>
                            /s/ Kevin L. Fritz
        Kevin L. Fritz                         #41638
        Daniel K. Mannion                      #50627
        LASHLY & BAER, P.C.
        714 Locust Street
        St. Louis, MO  63101-1699
        (314) 621-2939 – Telephone
        (314) 621-6844 – Facsimile
        klfritz@lashlybaer.com
        dmannion@lashlybaer.com
</pre>

*Attorneys for Defendant Estes Express Lines, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 10, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Gage K. Fletcher, Fletcher Law Office, LLC, 4505 Madison Avenue, Suite 270, Kansas City, MO 64111, gage@fletcherlawusa.com, Attorneys for Plaintiff.

<pre>
                            /s/ Kevin L. Fritz
</pre>