Electronically Filed - Callaway - February 24, 2021 - 04:00 PM

## IN THE CIRCUIT COURT OF CALLAWAY COUNTY, MISSOURI

| | | |
|---|---|---|
| Kerry Gilbert | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | Division |
| | ) | |
| ESTES EXPRESS LINES | ) | |
| *Serve Registered Agent:* | ) | **JURY TRIAL DEMANDED** |
| CSC-Lawyer Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, Missouri, 65101 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| RANDALL ROSS | ) | |
| *Serve at:* | ) | |
| 201 Beverly Lane | ) | |
| Collinsville, Illinois, 62234 | ) | |
| | ) | |
| Defendant(s). | ) | |

## PETITION FOR DAMAGES

Plaintiff Kerry Gilbert, by and through the undersigned counsel, and for cause of action against Defendant Estes Express Lines and Randall Ross, alleges and avers as follows:

### PARTIES

1.      At all relevant times, Plaintiff Kerry Gilbert was an individual over the age of 18 and resident of Paragould, Arkansas.

2.      Defendant Estes Express Lines is a Virginia for-profit corporation with its principal place of business in Richmond, Virginia, and may be served with process through its registered agent, CSC-Lawyer Incorporating Service Co, 221 Bolivar Street, Jefferson City, Missouri, 65101.

1

EXHIBIT 1

3. Defendant Randal Ross is an individual over the age of 18 residing in Collinsville, Illinois.

JURISDICTION

4. This Court has personal jurisdiction over Defendant Estes Express Lines in this matter pursuant to Section 506.500 of the Missouri Revised Statutes.

5. This Court has personal jurisdiction over Defendant Randall Ross in this matter pursuant to 506.500 of the Missouri Revised Statutes.

6. This Court has subject matter jurisdiction in this matter as these claims arise out of the commission of a tort and the amount in controversy exceeds $25,000.00.

7. The events giving rise to this action occurred in Callaway County, Missouri and therefore venue is vested in this Court by virtue of Section 508.010.4 of the Missouri Revised Statutes.

COMMON ALLEGATIONS

8. According to its website, Defendant Estes Express Lines is "the largest, privately-owned freight shipping company in North America."

9. According to its website, Defendant Estes Express Lines is "As an asset-based freight transportation and custom logistics solutions provider, Estes manages a fleet of more than 7,000 tractors and 30,000 trailers, as well as a network of 260+ terminals."

10. Upon information and belief, Defendant Estes Express Lines currently has over 19,000 employees in total and above 8,900 drivers.

11. Defendant Estes Express currently maintains at least four terminals in the State of Missouri, located in Kansas City, Columbia, Springfield, and Saint Louis.

12. One of the Estes Express Line vehicles is a 2014 Kenworth truck (the "semi-truck") with North Carolina Registration #MM2163, pulling two box trailers.

13. On March 12, 2019, Plaintiff Gilbert was driving a 2015 Kenworth 310 truck westbound

2

on Interstate 70 in Callaway County, Missouri.

14.     At said time and place, Defendant Randal Ross was employed by Defendant Estes Express Lines and driving the semi-truck Westbound on Interstate 70 in Callaway County, Missouri.

15.     At all times relevant to this Petition for Damages, Defendant Randall Ross was acting within the course and scope of his employment with Defendant Estes Express Lines.

16.     At said time and place, Defendant Randal Ross attempted to change lanes.

17.     At said time and place, Defendant Randal Ross entered Plaintiff's lane of travel and caused Plaintiff's vehicle to travel off of the roadway.

18.     At said time and place, Plaintiff's vehicle traveled off of the roadway and collided with the highway guardrail.

19.     At said time and place, Plaintiff was severely injured.

### COUNT I: Negligence Against Defendant Ross and Estes Express Lines

Plaintiff hereby incorporates by reference each and every allegation contained in the above paragraphs of Petition for Damages as if full set forth herein.

20.     In conducting motor carrier operations upon the roadways of the State of Missouri, including the use and operation of the subject semi-truck, Defendant Estes Express and Defendant Ross owed others, including Plaintiff, a duty to use the highest degree of care in operating a vehicle on the roadway.

21.     Defendant Estes Express Lines is vicariously liable for the negligent acts and/or omissions of Defendant Ross, in that Defendant Estes Express was acting by and through Defendant Ross as its agent or employee at the time that he engaged in such negligent acts and/or omissions.

22.     In causing the wreck, as set forth above in the preceding paragraphs, Defendant Ross and Defendant Estes Express Lines, acting through its agent or employee, breached their duty of care and was negligent in one or more of the following respects:

3

a) Defendant drove his vehicle at an excessive speed;

b) Defendant failed to keep a careful lookout;

c) Defendant failed to maintain his vehicle under proper control;

d) Defendant drove in a careless and imprudent manner;

e) Defendant failed to properly signal;

f) Defendant drove into Plaintiff's lane;

g) Defendant failed to properly alert Plaintiff that Defendant was attempting to change lanes;

h) Defendant Ross drove the subject semi-truck at a time that its parts, accessories and equipment were not in good working order;

i) Defendant Ross failed to verify, prior to the use of the subject semi-truck, that the subject semi-truck could be driven in a safe manner on the roadway;

j) Defendant Ross failed to follow the Rules of the Road in Missouri;

k) Defendant caused a wreck while Plaintiff was a passenger in the vehicle; and

l) In other respects, unknown to Plaintiff at this time, but which may become known at trial.

23. As a direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff has endured and will continue to endure significant pain and suffering.

24. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has become disabled.

25. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

a) Past medical and hospital expenses;

4

b) Future medical, hospital and life care expenses;

c) Past lost wages;

d) Diminished earning capacity;

e) Loss of employment;

f) Loss of ability to obtain employment;

g) Past and future emotional distress;

h) Mental anguish;

i) Disfigurement;

j) Past and future pain and suffering; and

k) Past and future loss of enjoyment of life.

26.     All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

**WHEREFORE**, Plaintiff prays this Court enter judgement against Defendants for a reasonable sum of damages in excess of $25,000.00, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

## COUNT II: Negligence Against Defendant Estes Express Lines

27.     Plaintiff incorporates by reference each and every statement, allegation and averment contained in the paragraphs above as if fully set forth herein.

28.     In conducting motor carrier operations upon the roadways of the State of Missouri, including the use and operation of the subject semi-struck, Defendant Estes Express and Defendant Ross owed others, including Plaintiff, a duty to use the highest degree of care in operating a vehicle on the roadway.

29.     Defendant Estes Express Lines is vicariously liable for the negligent acts and/or

5

omissions of Defendant Ross, in that Defendant Estes Express was acting by and through Defendant Ross as its agent or employee at the time that he engaged in such negligent acts and/or omissions.

30.     Defendant Estes Express Lines, acting through its agent or employee, breached their duty of care and was negligent in one or more of the following respects:

a.  It failed to properly train its drivers, including defendant Ross, in the safe operation of its delivery vehicles;

b.  It failed to prevent distracted driving with its drivers;

c.  It failed to properly monitor its delivery drivers' driving habits, including defendant Ross';

d.  Defendant Estes Express Lines knew or should have known that Defendant Ross had a particular unfitness for the position so as to create a danger of harm to third persons, which was known or should have been known to Defendant Estes Express at the time of Defendant Ross' hiring or retention;

e.  Defendant Estes Express did not exercise the care that a reasonable person would exercise under the circumstances in contracting with or hiring Defendant Ross;

f.  Defendant Estes Express knew that the work performed by Defendant Ross involved the risk of bodily harm if such work was not done skillfully and carefully, but it failed to contract with or hire persons who possess the knowledge, skill, experience and available equipment needed to do the work which they were employed to do without creating unreasonable risk of injury to others;

g.  Defendant Estes Express knew that the work performed by Defendant Ross involved the risk of bodily harm unless it was skillfully and carefully done, but failed to contract with or hire persons who posses the personal characteristics to safely perform the work;

6

h. Defendant Estes Express ordered or directed the actions of Defendant Ross and/or retained control over the operative details of Defendant Ross' work, but failed to order, direct or control such work in a reasonably safe manner;

i. Defendant Estes Express failed to determine that Defendant Ross lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment or contracting with Defendant Estes Express;

j. Defendant Estes Express failed to provide adequate and sufficient training to Defendant Ross such that he could obtain the requisite ability, fitness, and qualifications to operate the subject semi-truck;

k. Defendant Estes Express failed to determine that Defendant Ross lacked the requisite ability, fitness, and qualifications to operate a commercial vehicle between the time of his first employment or contracting with Defendant Estes Express and the incident on March 12, 2019;

l. Defendant Estes Express failed to ensure that Defendant Ross possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations and Missouri's Regulatory Provisions so as to adequately comply with the applicable regulations and safety provisions to safely operate the subject semi-truck;

m. Defendant Estes Express failed to monitor the activities of Defendant Ross so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations and/or Missouri's Regulatory Provisions;

n. Defendant Estes Express Lines entrusted and allowed Defendant Ross to operate the subject semi-truck at a time when it knew, or should have known, that Defendant Ross lacked the ability, fitness and qualifications to safely operate the subject semi-truck at the time of the incident on March 12, 2019;

7

o. Defendant Estes Express entrusted and allowed Defendant Ross to operate the subject semi-truck at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations and/or Missouri's Regulatory Provisions so as to safely operate the subject semi-truck; and/or

p. In other respects, unknown to plaintiff that may become discovered prior to trial.

31.     As a direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff has endured and will continue to endure significant pain and suffering.

32.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has become disabled.

33.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

a)  Past medical and hospital expenses;

b)  Future medical, hospital and life care expenses;

c)  Past lost wages;

d)  Diminished earning capacity;

e)  Loss of employment;

f)  Loss of ability to obtain employment;

g)  Past and future emotional distress;

h)  Mental anguish;

i)  Disfigurement;

j)  Past and future pain and suffering; and

k)  Past and future loss of enjoyment of life.

8

34.     All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

**WHEREFORE**, Plaintiff prays this Court enter judgement against Defendants for a reasonable sum of damages in excess of $25,000.00, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

Plaintiffs also pray for judgment against Defendant Estes Express for punitive damages in such sum as will serve to punish it and to deter it and others from like conduct.

## COUNT III: Negligent Hiring, Retention. and Supervision Against Defendant Estes Express Lines

35.     Plaintiff hereby incorporates by reference each and every allegation contained in the above paragraphs of Petition for Damages as if full set forth herein.

36.     Defendant Estes Express Lines owed a duty to the general public, including but not limited to Plaintiff, to exercise reasonable care in selecting the entities and individuals who would be operating trucks on public roadways. In particular, Defendant Estes Express Lines owed a duty to use reasonable care in hiring skilled and competent drivers.

37.     At all relevant times, Defendant Ross was not skilled and competent in the use of the subject vehicle on public roadways. Defendant Ross was not a skilled and competent driver in many respects, including that:

   a)   Defendant Ross did not have proper knowledge of regulations and other laws applicable to the operation of the vehicle as it relates to the work performed on behalf of Defendant Estes Express Lines; and

   b)   Defendant Ross failed to adhere to the regulations and other laws applicable to the operation of vehicles as it relates to the work performed on behalf of Defendant Estes Express Lines;

9

Electronically Filed - Callaway - February 24, 2021 - 04:00 PM

38.     Defendant Estes Express Lines knew or should have known, in the exercise of reasonable care, that Defendant Ross was not a skilled and competent driver.

39.     Defendant Estes Express Lines is liable for the negligent actions of Defendant Ross because Defendant Estes Express Lines was not a skilled and competent driver in the operation of the subject vehicle.

40.     Defendant Estes Express is further liable for the negligent actions of Defendant Ross because Defendant Estes Express did not exercise reasonable care in selecting and hiring Defendant Ross to operate the subject vehicle.

41.     Defendant Estes Express was also negligent in failing to advise Defendant Ross of the regulations and other laws applicable to the operation of subject vehicle on Missouri roadways, as well as Defendant Estes Express' own safety/training materials and standard operating procedures.

42.     Defendant Estes Express Lines' negligent hiring, selection, direction and supervision of Defendant Ross directly and proximately caused and contributed to cause Plaintiff to sustain severe, permanent, and progressive injuries.

43.     As a direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff has endured and will continue to endure significant pain and suffering.

44.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has become disabled.

45.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

a)   Past medical and hospital expenses;

b)   Future medical, hospital and life care expenses;

c)   Past lost wages;

d) Diminished earning capacity;

e) Loss of employment;

f) Loss of ability to obtain employment;

g) Past and future emotional distress;

h) Mental anguish;

i) Disfigurement;

j) Past and future pain and suffering; and

k) Past and future loss of enjoyment of life.

16. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

**WHEREFORE**, Plaintiff prays this Court enter judgement against Defendants for a reasonable sum of damages in excess of $25,000.00, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

Plaintiffs also pray for judgment against Defendant Estes Express for punitive damages in such sum as will serve to punish it and to deter it and others from like conduct.

**COUNT IV: Negligence Per Se (CFR Violations) Against Defendant Estes Express Lines**

46. Plaintiff hereby incorporates by reference each and every allegation contained in the above paragraphs of Petition for Damages as if full set forth herein.

47. Defendant Estes Express Lines is vicariously liable for the negligent acts and/or omissions of Defendant Ross, in that Defendant Estes Express was acting by and through Defendant Ross as its agent or employee at the time that he engaged in such negligent acts and/or omissions.

48. Defendant Estes Express Lines is an "employer" under 49 CFR 390.5 of the Federal Motor Carrier Safety Regulations ("FMCSR") because the business that Estes Express conducts affects

11

interstate commerce and Defendant Estes Express owns a commercial vehicle in connection with that business.

49.    Defendant Ross is an "employee" under 49 CFR 390.5 of the FMCSR because he is employed by Defendant Estes Express, and drives a commercial motor vehicle in his employment with Estes Express Lines.

50.    Defendant Estes Express Lines' Kenworth semi-truck mentioned above is a "commercial motor vehicle" under 49 CFR 390.5 of the FMCSR because the vehicle weighs more than 10,001 pounds and is used on a highway in interstate commerce to transport property.

51.    Defendants Estes Express Line and Defendant Ross, as well as the semi-truck, are subject to and required to comply with, the rules of the Federal Motor Carrier Safety Regulations.

52.    49 CFR 390.3 of the FMCSR states in relevant part, "Every employer shall be knowledgeable of and comply with all regulations contained in this subchapter which are applicable to that motor carrier's operations. Every driver and employee shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter."

53.    49 CFR 390.11 of the FMCSR states, "Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound."

54.    49 CFR 391.11 of the FMCSR states in relevant part, "A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle. Except as provided in §391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle."

55.    49 CFR 392.6 of the FMCSR states, "No motor carrier shall schedule a run nor permit nor require the operation of any commercial motor vehicle between points in such period of time as

12

would necessitate the commercial motor vehicle being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated."

56.     On March 12, 2019, defendant Ross, while driving defendant Estes Express Lines' semi-truck, caused an accident with Plaintiff.

57.     Defendants were negligent in such operation of their vehicles and violated the FMCSR in the following manners:

    a.  Violation of 49 CFR 390.3 in that, upon information and belief, Defendant Estes Express Lines was not knowledgeable of and did not comply with the FMCSR;

    b.  Violation of 49 CFR 390.3 of the FMCSR in that, upon information and belief, Defendant Estes Express Lines did not instruct Defendant Ross regarding the FMCSR and Defendant Ross did not follow the FMCSR;

    c.  Violation of 49 CFR 390.11 in that, upon information and belief, Defendant did not require Defendant Ross to observe the prohibitions set forth in the FMCSR;

    d.  Violation of 49 CFR 391.11 of the FMCSR in that Defendant Ross was not qualified to drive a commercial motor vehicle because he did not have the experience or training to safely operate Defendant Estes Express' semi-truck;

    e.  Violation 49 CFR 392.6 of the FMCSR in that, upon information and belief, Defendant Estes Express's delivery schedule for Defendant Ross required him to drive faster than the speed limit.

58.     As a driver and passenger, Plaintiff Gilbert, respectively, was a member of the class that the Federal Motor Carrier Safety Regulations are designed to protect.

59.     As a direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff has endured and will continue to endure

Electronically Filed - Callaway - February 24, 2021 - 04:00 PM

significant pain and suffering.

60.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has become disabled.

61.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

a) Past medical and hospital expenses;

b) Future medical, hospital and life care expenses;

c) Past lost wages;

d) Diminished earning capacity;

e) Loss of employment;

f) Loss of ability to obtain employment;

g) Past and future emotional distress;

h) Mental anguish;

i) Disfigurement;

j) Past and future pain and suffering; and

k) Past and future loss of enjoyment of life.

62.     All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

**WHEREFORE**, Plaintiff prays this Court enter judgement against Defendants for a reasonable sum of damages in excess of $25,000.00, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

Plaintiffs also pray for judgment against Defendant Estes Express for punitive damages in such sum as will serve to punish it and to deter it and others from like conduct.

14

## COUNT V: Negligence Per Se (Missouri Statutes) Against Defendant Estes Express Lines and Defendant Ross

63.    Plaintiff hereby incorporates by reference each and every allegation contained in the above paragraphs of Petition for Damages as if full set forth herein.

64.    Defendant Estes Express Lines is vicariously liable for the negligent acts and/or omissions of Defendant Ross, in that Defendant Estes Express was acting by and through Defendant Ross as its agent or employee at the time that he engaged in such negligent acts and/or omissions.

65.    The subject collision and Plaintiff's injuries and damages described herein are the direct and proximate result of Defendant Estes Express and Defendant Ross' violations of one or more of the following statutes in one or more of the following particulars:

a)    Defendant Ross failed to operate the subject vehicle in a careful and prudent manner and failed to exercise the highest degree of care, in violation of R.S.Mo, § 304.012, in that Defendant drove into Plaintiff's lane and forced Plaintiff's vehicle off of the roadway;

b)    Defendant Ross violated R.S.Mo, § 304.019 in that Defendant Ross drove into Plaintiff's lane without properly alerting or signaling Plaintiff;

c)    Defendant Ross failed to operate the subject vehicle in a careful and prudent manner and failed to exercise the highest degree of care in violation of R.S.Mo. § 304.012 in that Defendant failed to keep a careful look out of his surroundings;

d)    Defendant Ross failed to operate the subject vehicle in a careful and prudent manner in violation of R.S.Mo. § 304.012 in that Defendant failed to keep a safe speed while on the roadway;

e)    Defendant Ross failed to observe and comply with the rules of the road in violation of R.S.Mo § 304.014; and/or

f)    In other manners that will be discovered prior to trial.

15

66.     The above statutes are intended to protect Missouri motorists, passengers, and pedestrians from the dangerous operation of motor vehicles, including Plaintiff.

67.     At the time Defendant violated one or more of the above-mentioned statutes in one or more particulars, Plaintiff was a driver of a motor vehicle on a Missouri road, and thus belonged to the class of persons that the above statutes are intended to protect; and that the conduct of Defendant directly caused or contributed to cause Plaintiff to suffer severe, permanent and progressive injuries described herein and extreme mental pain and suffering.

68.     As a direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant, Plaintiff has endured and will continue to endure significant pain and suffering.

69.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has become disabled.

70.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

a)  Past medical and hospital expenses;

b)  Future medical, hospital and life care expenses;

c)  Past lost wages;

d)  Diminished earning capacity;

e)  Loss of employment;

f)  Loss of ability to obtain employment;

g)  Past and future emotional distress;

h)  Mental anguish;

i)  Disfigurement;

j)  Past and future pain and suffering; and

16

k) Past and future loss of enjoyment of life.

71. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

**WHEREFORE**, Plaintiff prays this Court enter judgement against Defendants for a reasonable sum of damages in excess of $25,000.00, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

Plaintiffs also pray for judgment against defendant Estes Express for punitive damages in such sum as will serve to punish it and to deter it and others from like conduct.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**Fletcher Law Office, LLC**

_____/s/  Gage K. Fletcher
GAGE K. FLETCHER                    #69079
4505 Madison Avenue, Suite 270
Kansas City, MO 64111
Phone: (816) 631-2868
E-mail: <u>Gage@FletcherLawUSA.com</u>
**ATTORNEY FOR PLAINTIFF**

17

Electronically Filed - Callaway - February 24, 2021 - 04:00 PM

Electronically Filed - Callaway - February 24, 2021 - 04:00 PM

## IN THE CIRCUIT COURT OF CALLAWAY COUNTY, MISSOURI

| | | |
|---|---|---|
| **Kerry Gilbert** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | **Division** |
| | ) | |
| **ESTES EXPRESS LINES** | ) | |
| *Serve Registered Agent:* | ) | **JURY TRIAL DEMANDED** |
| **CSC-Lawyer Incorporating Service Co.** | ) | |
| **221 Bolivar Street** | ) | |
| **Jefferson City, Mo, 65101** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **RANDALL ROSS** | ) | |
| *Serve at:* | ) | |
| **201 Beverly Lane** | ) | |
| **Collinsville, Illinois, 62234** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## DESIGNATION OF LEAD COUNSEL

COMES NOW Gage Fletcher, of Fletcher Law Office, LLC and hereby files his

Designation of Lead Counsel for Kerry Gilbert, Plaintiff in the above-styled cause.

Respectfully submitted,

**Fletcher Law Office, LLC**

        /s/ *Gage K. Fletcher*
GAGE K. FLETCHER                #69079
PO Box 10056

Kansas City, MO 64171
Phone: (816) 631-2868
Fax: (816) 569-9256
E-mail: Gage@FletcherLawUSA.com
**ATTORNEY FOR PLAINTIFF**



**IN THE 13TH JUDICIAL CIRCUIT, CALLAWAY COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>JEFF HARRIS | **Case Number: 21CW-CV00191** |
| Plaintiff/Petitioner:<br>KERRY GILBERT | Plaintiff's/Petitioner's Attorney/Address<br>GAGE KENNETH FLETCHER<br>PO BOX 10056<br>KANSAS CITY, MO 64171 |
| vs. | |
| Defendant/Respondent:<br>ESTES EXPRESS LINES CORPORATION /<br>CSC | Court Address:<br>10 E. 5TH ST<br>FULTON, MO 65251 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** ESTES EXPRESS LINES CORPORATION / CSC
**Alias:**

**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**
*COURT SEAL OF*

*CALLAWAY COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| _____2/25/2021_____ | _____/s/ Sarah Baker_____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| Date | Notary Public |
|---|---|

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 2:21-cv-04049-NKL   Document 1-1   Filed 03/10/21   Page 21 of 21